IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTONIO VALENTINO FARRELL,  :
    Plaintiff,  :
      :
v.  :    CIVIL ACTION NO. 26-CV-2972
      :
JEFFREY D. WRIGHT, *et al.*,  :
    Defendants.  :

**MEMORANDUM**

**MCHUGH, J.**                                           **MAY 27, 2026**

In a prior civil action, *Farrell v. Wright*, No. 25-3000 (E.D. Pa.) filed June 10, 2025, Antonio Valentino Farrell, who at the time the case was filed a detainee in Georgia and is currently a housed at Lancaster County Prison, sued the judges, district attorneys, and a police officer involved in a case for which he was detained. In a Memorandum and Order screening that case, filed on July 22, 2025, the Court dismissed the highly-repetitious Complaint in part with prejudice and in part without prejudice. *Farrell v. Restemayer*, No. 25-3000, 2025 WL 2056872 (E.D. Pa. July 22, 2025) ("*Farrell I*"). All claims against judges and prosecutors were dismissed with prejudice, while any claim seeking *habeas corpus* relief and any malicious prosecution claim against the police officer Defendant, Brandon McCommick were dismissed without prejudice. Farrell was granted leave to file an amended complaint limited to the malicious prosecution claim against McCommick. When Farrell failed to act, a final order of dismissal with prejudice was entered on September 5, 2025.[1] (*Id.*, ECF No. 7.)

---

[1] That final order of dismissal was twice returned undeliverable by the United States Postal Service. (*Id.*, ECF Nos. 8 & 9.) But there is no indication that the earlier screening memorandum and dismiss/amend order were not received by Farrell at the jail where it was mailed. Additionally, Farrell did not update his address or otherwise communicate with the Court after initially filing the case. Nonetheless, based on the judicial preference for adjudication of claims on their merits, *see Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir.

On May 1, 2026, Farrell filed a new Complaint, docketed under the above Civil Action Number, in which he again makes repetitious allegations asserting claims against the same judges, prosecutors, and McCommick, and adds additional prosecutors and the "Manheim Township Police Department all officers unknown" ("MTPD") as Defendants.  All Defendants are named in their official and individual capacities.  Farrell also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Farrell leave to proceed without paying the filing fee and dismiss the Complaint.

## I.    BACKGROUND

In his earlier case, Farrell alleged that he was charged in May 2023, with a drug conspiracy and later that month was "harassed" during a traffic stop.  (Compl. at 5.)  Farrell was subsequently arrested on June 10, 2023 for the May charge and bail was set at $700,000, which he claimed was excessive.  (*Id*. at 5, 12.)  Farrell had a bail hearing at which Defendant Assistant District Attorney Restemayer represented the Commonwealth.  (*Id*. at 6.)  Defendant Judge Wright declined to impose the conditions Restemayer requested and Farrell eventually posted bail, but Judge Wright gave him weekly court dates for miscellaneous hearings "for months." (*Id*.)  He claimed he filed a federal lawsuit and "that's when the retaliation started getting worse."[2]  (*Id*.)  Defendant Judge Witkonis presided over a subsequent bail hearing on December

---

1984) ("As we have repeatedly stated, doubts should be resolved in favor of reaching a decision on the merits."), the Court will look past Farrell's failure to follow through with his earlier case and screen the claims presented here rather than address the *res judicata* effect of the final dismissal order in Farrell's first case.

[2] The Court noted that there was no record of Farrell filing a civil action in the United States District Court for the Eastern District of Pennsylvania prior to Civil Action 25-3000, filed in June 2025.  He had filed a federal *habeas corpus* petition pursuant to 28 U.S.C. § 2241, *Farrell v. Commonwealth*, Civ. A. No. 25-597 (E.D. Pa.) on February 3, 2025.

19, 2023. (*Id*. at 4, 6, 12.)  Farrell claimed that the prosecutors and judges acted "acted out of a color code"[3] to committed fraud.  (*Id*. at 5, 8.)  McCommick was alleged to be corrupt based on an encounter he had with Farrell in 2019 when McCommick attacked him with "his police gang members."  (*Id*. at 9.)  Farrell claimed that McCommick planted a gun on an unidentified man in Lancaster, which was reported in the newspaper.  (*Id*.)  He also "acted out of a color code" to secure a conviction, commit perjury, lie, and conspire with Restemayer to misuse legal process, introduce fraudulent evidence, intentionally delay proceedings, and plant drugs to secure a conviction.  (*Id*.)  Finally, Farrell sued the Lancaster County Bail Administration, an office of the Lancaster County Court of Common Pleas, because he was presumably confined to house arrest and could not get evidence for his case.  (*Id*. at 10.)  Farrell also claimed that he witnessed an unnamed bail administration supervisor "talk to the Judge" and overheard the person say, "if he sneeze wrong lock him up."  (*Id*.)

In screening the Complaint, the Court noted that a review of then current publicly available records showed that Farrell has been charged with several crimes in Lancaster County and suffered at least one conviction.  *Farrell I*, 2025 WL 2056872, at *3.  In *Commonwealth v. Farrell*, CP-36-CR- 0631-2020 (C.P. Lancaster), he was convicted by way of a guilty plea to drug offenses and providing a false identification on January 29, 2021.  Judge Witkonis conducted the arraignment in that case and McCommick was the arresting officer.  In *Commonwealth v. Farrell*, CP-36-CR-2909-2023 and CP-36-CR-2908-2023 (C.P. Lancaster), Farrell was awaiting trial before Judge Wright on charges of manufacture, delivery, or possession with intent to manufacture or deliver controlled substances, conspiracy, and the

---

[3] The Court noted that the meaning of that phrase, which Farrell used several times, was unclear.  He repeats that phrase in his current pleading but again fails to explain its meaning.

criminal use of a communications facility, stemming from an arrest on July 3, 2023 in Lancaster by Officer McCommick. Judge Witkonis conducted the arraignment in that case. In *Commonwealth v. Farrell*, CP-36-CR-5517-2023 (C.P. Lancaster), he was awaiting trial before Judge Wright on charges of fleeing or attempting to allude an officer, use/possession of drug paraphernalia, and traffic violations stemming from an arrest in Lancaster. Judge Witkonis conducted the arraignment in that case. In *Commonwealth v. Farrell*, CP-36-CR-3370-2024 (C.P. Lancaster), he was awaiting trial before Judge Wright on charges filed on July 12, 2024 of aggravated assault to cause serious bodily injury, conspiracy, simple assault, and other charges stemming from an arrest in Manheim Township. The Lancaster County District Attorney's Office represented the Commonwealth in each of the cases. In all but the last case, CP-36-CR-3370-2024, the dockets indicated that Farrell was represented by privately retained counsel.

In the *Farrell I* decision, Farrell's *habeas corpus* claims seeking release from custody were dismissed because that type of relief is unavailable in a suit under § 1983. *Farrell I*, 2025 WL 2056872, at *4. The claims against Judges Wright and Witkonis were dismissed because judges are absolutely immune from civil rights claims based on their involvement in judicial functions. *Id*. at *5. The claims against ADA Restemayer were dismissed because prosecutors are immune from suit under § 1983 for acts that are "'intimately associated with the judicial phase of the criminal process' such as 'initiating a prosecution and . . . presenting the State's case.'" *Id*. at *5-6 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). The claim for money damages against the Court of Common Pleas Bail Administration was dismissed on Eleventh Amendment immunity grounds and because the Commonwealth and its agencies are not persons under § 1983. *Id*. at *8. Any claim that McCommick attacked Farrell in 2019 was dismissed as untimely. *Id*. at *6. Any malicious prosecution claim with regard to Farrell's 2020

4

conviction based upon McCommick alleged committing perjury was dismissed because the

public record in CP-36-CR-0000631-2020 reflected that Farrell's conviction remained intact, he

was convicted on all charges, and the favorable termination element of the malicious prosecution

claim was missing, rendering it implausible. *Id*. at \*7. Nonetheless, the Court granted Farrell

leave to file an amended complaint if he was able to identify some **other** conviction expunged

from the public record that the Court could not identify and for which there is a favorable

termination upon which Farrell may allege a plausible claim. *Id*.

## II.    FACTUAL ALLEGATIONS[4]

In his new Complaint, Farrell again names Judge Wright, Judge Witkonis, ADA

Restemayer, and Officer McCommick, and adds as Defendants Lancaster ADAs Benjamin D.

Baker, Cody Wade, and Heather Adams, and the MTPD, asserting civil rights claims under 42

U.S.C. §§ 1983, 1985 and 1986.[5]  (Compl. at 2, 3, 5.)  He again mentions the same criminal

---

[4] Unless otherwise stated, the factual allegations are taken from Farrell's 56-page Complaint (ECF No. 2), consisting of the Court's form available to unrepresented litigants to use as a complaint, as well as a handwritten portion. The Court deems the entire pleading to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. On statutory screening, the Court may also consider publicly available court records. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at \*1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). Where the Court quotes from *pro se* pleadings, punctuation, spelling, and capitalization errors will be cleaned up as needed for clarity.

As with his earlier pleading, Farrell's allegations in the new Complaint are disjointed and repetitious and focus greatly on the actions of judges and prosecutors. The Court will only briefly summarize the allegations concerning the claims against the judges and prosecutors, which make up the bulk of the pleading, since those are the same claims that were previously dismissed on immunity grounds. It is also noted that Farrell fails to identify any conviction expunged from the public record that the Court could not previously identify and for which there is a favorable termination upon which he could allege a plausible malicious prosecution claim against McCommick. Indeed the allegations concerning McCommick are only a small part of Farrell's 56-page submission and he identifies no specific kind of claims he seeks to pursue against him.

[5] While Farrell did not attempt to name the Lancaster County Court of Common Pleas as a defendant in the new case, he does make allegations concerning the County Bail

5

cases in Lancaster County, CP-36-CR-2909-2023, CP-36-CR-2908-2023, CP-36-CR-5517-2023, and CP-36-CR-3370-2024, in which he contends that improper actions were taken by judges and prosecutors (*id*. at 7, 8, 11-15, 17-25, 35, 38-45); his prior shooting (*id*. 9, 18); and his prior federal habeas petition (*id*. at 10, 15, 38).  The newly named ADAs were each involved in one or more of these prior state criminal cases and the actions they allegedly undertook were in their capacities representing the Commonwealth in those cases.  (*See generally id*.)  He alleges that they engaged in fraud on the court, violated his speedy trial rights, violated his Eighth Amendment rights by manipulating paperwork to secure a conviction, and engaged in retaliation. (*Id*. at 26.)  Elsewhere, he asserts that all Defendants violated his due process rights by misrepresenting material facts and using fraudulent documents, they retaliated against him for filing the federal *habeas* petition, imposed excessive bail, and violated his right to counsel and procedural fairness by engaging in *ex parte* communications.  (*Id*. at 41.)

With regard to McCommick, the sole Defendant against whom Farrell was permitted to assert claims in an amended complaint in his prior civil action, he alleges that McCommick charged him for the May 10, 2023 possession of drugs and a communication device.  (*Id*. at 6.) McCommick allegedly conspired with other Defendants to defraud the court and charge him illegally due to his exercising his First Amendment rights.  (*Id*. at 23.)  While the connection is unclear, McCommick also allegedly stated in reckless disregard for the truth that Farrell was involved in a shooting in Maryland and that Farrell admitted to using marijuana prior to the shooting.  (*Id*. at 9.)  He does not say that he was ever charged with a crime in Maryland or that McCommick was somehow involved.

---

Administration.  (Compl. at 28 ("Defendants all played a part down to the bail bondsman.").) The Court understands this allegation to be background information since his claims against the Common Pleas Court were previously dismissed with prejudice.

With regard to the traffic stop, Farrell asserts a K-9 falsely alerted and he was searched, strip searched, and consented to a vehicle search but "nothing was found" and he had a valid driver's license. (*Id*. at 17.) He does not allege that McCommick was personally involved in any such search. While he claims that no contraband was found in the search, the "incident was resurrected" nonetheless seven months later when charges were brought in *Commonwealth v. Farrell*, CP-36-CR-0002908-2023 and CP-36-CR-0002909-2023 after he "filed notice of federal civil litigations, suggesting retaliation."[6] (*Id*. at 8.) Farrell mentions "officers" arresting him and his fiancé on July 10, 2024, but does not allege that McCommick was involved in that incident. (*Id*. at 19.) He also alleges that unnamed officers "came six days after the officer when on a hunch that [he] had something to do with it. It was an illegal stop, no surveillance was inside the store. Nobody saw [him]. . . . McCommick has been conspiring with [ADAs Baker and Restemayer] to revoke [his] bail, conspired to have people attack [him and his family] on [his] property and [get him and his family] arrested two days later." (*Id*. at 24.)

With regard to the MTPD, Farrell asserts that it (or possibly one of its officers) conspired with ADA Adams to "weaponize the justice system" to retaliate against him and his family and "has lacked investigation on intruders that came to [his] property to cause harm to [him] and his family." (*Id*. at 25.) The investigation to which he refers was allegedly one-sided to retaliate against him and secure a conviction. (*Id*.) Farrell seeks $1.6 billion in damages; again seeks

---

[6] The basis for the allegation of a seven month delay is unclear. The public records indicate that following the May 2023 arrest, charges were initiated on June 14, 2023 via a criminal complaint and arrest warrant. *Commonwealth v. Farrell*, MJ-02101-CR-0000235-2023 (M.J. Lancaster) (listing a "file date" and "issue date" of June 14, 2023 and listing McCommick as the arresting officer). A preliminary arraignment occurred on June 27, 2023 at which time Farrell had counsel. The related Common Pleas dockets also show an initiation date of June 14, 2023. *Id*., CP-36-CR-0002908-2023 (C.P. Lancaster); CP-36-CR-0002909-2023 (C.P. Lancaster).

dismissal of all state charges via *habeas*, mandamus, or under § 1983; and asks that officers be reprimanded, arrested, fired, and prosecuted.[7] (*Id*. at 27, 37, 41, 45).

A review of current public court records indicates that Farrell's drug conviction by way of guilty plea in *Commonwealth v. Farrell*, CP-36-CR-0000631-2020 (C.P. Lancaster) remains intact. Judge Witkonis was the trial judge, McCommick was the arresting officer, and the Commonwealth was represented by nondefendant ADA Jared Lee Hinsey. The drug and criminal use of communication facilities charges in *Commonwealth v. Farrell*, CP-36-CR-0002908-2023 and CP-36-CR-0002909-2023 that were still pending when *Farrell I* was brought in June 2025, for which Farrell was arrested in May 2023, resulted in convictions on August, 13, 2025 for which Farrell was sentenced to consecutive 3-10 and 3-7 year terms. Those convictions are on appeal and thus remain intact. Judge Witkonis was the trial judge, Judge Wright conducted pretrial proceedings, and ADAs Heather Adams, Danielle Coleman, and John Charles Madden represented the Commonwealth.[8] Farrell was convicted on October 15, 2025 on charges of attempting to allude an officer and sentenced to 6 months to 2 years in *Commonwealth v. Farrell*, CP-36-CR-0005517-2023, and those convictions remain intact. Judges Witkonis and Wright presided, and ADAs Adams, Coleman, and Madden represented the Commonwealth. Finally, in *Commonwealth v. Farrell*, CP-36-CR-0003370-2024 Farrell is

---

[7] The Court is not empowered to fire or reprimand a defendant as a remedy under § 1983. *See Hill v. Liberman*, No. 25-5678, 2025 WL 3515443, at *3 (E.D. Pa. Dec. 8, 2025) ("[T]o the extent that [Plaintiff] wants the police officers and judge to be terminated from their employment, the Court has no authority to order such relief in a Section 1983 civil rights case.") (citing *Hall v. Carny*, No. 22-4094, 2023 WL 187569, at *1 n.3 (E.D. Pa. Jan 13, 2023) (dismissing with prejudice request that defendant's employment be terminated). Also, a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

[8] Farrell asserts that ADA Benajmin Baker took the case after ADA Restemayer but the docket sheet does not specifically reflect his involvement.

awaiting trial on charges of aggravated assault and related charges.  In that case, he was arrested

by the MTPD, Judge Wright is the trial judge, and Cody Wade is the assigned ADA.

## II.    STANDARD OF REVIEW

The Court will grant Farrell leave to proceed *in forma pauperis*.[9]  Accordingly, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the

Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences

in the plaintiff's favor, and ask only whether the Complaint contains facts sufficient to state a

plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on*

*other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).

Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Farrell is proceeding *pro*

*se*, the Court construes his allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir.

2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  An

unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that

apply to all other litigants."  *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*,

No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must

---

[9] Because he is a prison, Farrell must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.    DISCUSSION

Farrell asserts constitutional claims, citing 42 U.S.C. § 1983.[10]  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'"  *Halsey v. Pfeiffer,* 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983); *see also Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (explaining § 1983 "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." (quoting *Baker v. McCollan,* 443 U.S. 137, 145 n. 3 (1979))).  To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury."  *Karns v. Shanahan,* 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore,* 399 F.3d at 281); *see also Halsey,* 750 F.3d at 290 ("To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right ... [and] that the

---

[10] Farrell also references 42 U.S.C. §§ 1985 and 1986 in the heading of his Complaint and includes a single passing reference to the statutes one other time in the body of the pleading without stating any facts.  (Compl. at 5, 40.)  Passing references to legal provisions are insufficient to bring a plausible claim before the Court.  *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court.") (cleaned up) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).  Accordingly, any claims asserted under the two statutes are not plausible.

10

person who has deprived him of that right acted under color of state or territorial law.'" (quoting

*Gomez v. Toledo,* 446 U.S. 635, 640 (1980))).

### A.    Claims Against Judge and Prosectors

As previously explained to Farrell, judges are absolutely immune from suit for civil rights

violations based on acts or omissions taken in their judicial capacity, so long as they do not act in

the complete absence of all jurisdiction.  *Farrell I*, 2025 WL 2056872, at *5 (citing *Stump v.

Sparkman*, 435 U.S. 349, 355-56 (1978)).  Farrell was also instructed that prosecutors are

entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated

with the judicial phase of the criminal process" such as "initiating a prosecution and . . .

presenting the State's case," even if they solicit false testimony.  *Id*. (citing *Imbler*, 424 U.S. at

430-31; *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992); *Fogle v. Sokol*, 957 F.3d 148,

160 (3d Cir. 2020).  While dispensing here with a full restatement of Farrell's numerous

allegations against the judges and prosecutors, the Court has closely examined them and

concludes that all of his claims involve acts which fall within the limits of their respective

immunities.  Since all of Farrell's new claims against Judges Witkonis and Wright are based on

their actions as judges in cases in which they clearly had jurisdiction to act, they are again

dismissed with prejudice.  A full review of Farrell's new Complaint reveals that each of the

allegations he makes against the Lancaster County Assistant District Attorneys involve actions

they undertook representing the Commonwealth in Farrell's various criminal proceedings,

whether or not Farrell considers them corrupt or unfair.  The ADAs are, accordingly, entitled to

absolute prosecutorial immunity and again dismissed from the case with prejudice.[11]

---

[11] Although prosecutorial immunity would not bar claims for injunctive relief, Farrell's requests for injunctive relief are not proper, as set forth below.

11

**B.      Claims Against McCommick**

The allegations mentioning McCommick appear to relate to the search of Farrell's vehicle and subsequent arrest and prosecution on the drug offenses in CP-36-CR-0002908-2023 and CP-36-CR-0002909-2023.  He claims McCommick charged him for possession of drugs and a communication device, conspired with other Defendants to defraud the court and charge him illegally due to his exercising his First Amendment rights, conspired to revoke his bail, and possibly to have others arrest him or his family.  (*Id*. at 6, 8, 9, 17, 19, 23, 24.)  While he does not identify the nature of the claim he seeks to assert, the Court understands Farrell to be attempting to reassert a malicious prosecution claim against McCommick based on the drug charges.[12]

---

[12] Any claim based on the search of the vehicle would not be plausible.  First, Farrell does not allege that McCommick was personally involved in any such search. (Compl. at 17.) The lack of personal involvement makes the claim not plausible.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.).

Any claim based on the search would also be time barred.  Farrell asserts he was pulled over on May 22, 2023 and a K-9 "did a fake hit," he was searched, strip searched, and consented to a vehicle search but was let go with no citation.  (Compl. at 5, 17).  Farrell filed this Complaint on May 1, 2026.  His prior case, Civil Action No. 25-3000, submitted while he was detained in Georgia, was filed on June 10, 2025, but is dated June 1, 2025.  (*Id*. (ECF No. 2 at 22).)  Even if the Court were to (1) consider the new Complaint as an amendment relating back to Farrell's earlier case under Fed. R. Civ. P. 15(c), and (2) give Farrell the benefit of the "prison mailbox rule," *see Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017) (*per curiam*) ("Under the prison mailbox rule, . . . a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing."), his illegal vehicle search claims against McCommick is untimely.

Civil rights claims under § 1983 are subject to Pennsylvania's two-year statute of limitations applies to these claims.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted).  Since the search occurred more than two years prior to the earlies date possible for when Farrall attempted to bring the claim, it is untimely.

12

As Farrell was instructed, a malicious prosecution claim under § 1983 has five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Farrell I*, 2025 WL 2056872, at *7 (citing *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). Farrell was permitted to amend his claim against McCommick if he was able to identify a criminal proceeding that terminated in his favor since the Court could not initially say for certain that no such case existed if, for example, it had been expunged from the public record. No such case has been identified by Farrell in his new Complaint. Rather, he only reasserts claims with regard to cases for which he has suffered a conviction or that remain in pretrial proceedings.

Because he has not alleged the favorable termination element, his malicious prosecution claims against McCommick are not plausible at this time.[13] Accordingly, they will be dismissed

---

[13] Moreover, for those criminal proceedings that resulted in convictions, any claim that would necessarily call into question the continued validity of those convictions is barred at this time by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]") (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* 512 U.S. at 487.

without prejudice so that Farrell can reassert them in a new civil action should he gain a favorable termination of a criminal charge upon which he may base his claim.

### C.       Claims Against MTPD

Farrell includes "Manhiem Township Police Department all officers unknown" in the list of Defendants in his Complaint.  (Compl. at 3.)  Elsewhere, he alleges "Manhiem Township" has conspired with ADA Adams to "weaponize the justice system" to retaliate against him and his family and "has lacked investigation on intruders that came to [his] property to cause harm to [him] and his family."  (Compl. at 25.)  The investigation to which he refers was allegedly one-sided to retaliate against him and secure a conviction.  (*Id*.)

To the extent Farrall names the MTPD, the claim is not plausible.  Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions, *see e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, MTPD is not a proper defendant in this case under Section 1983 and is dismissed.

14

To the extent Farrell intended to name an unknown MTPD officer, the claim is also not plausible since he fails to allege any facts about any particular MTPD officer that was personally involved in violation of his constitutional rights, *see Rode*, 845 F.2d at 1207, given that McCommick works for Lancaster City.  (Compl. at 3.)  Finally, to the extent he intended to name Manhiem Township as a defendant, he has not alleged any facts to make a claim for municipal liability plausible.  *See Monell*, 436 U.S. at 694 (holding that to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation).

In fact, since McCommick was not employed by the MTPD, the only apparent connections to Manhiem Township, the MTPD, or an MTPD officer are that (1) Farrell was arrested by MTPD officers in *Commonwealth v. Farrell*, CP-36-CR-0003370-2024 on aggravated assault charges that remain pending, and (2) his claim that the MTPD failed to investigate a crime at his property.  Farrell's claim that an MTPD officer conducted an improper investigation of an incident involving intruders on his property (Compl. at 25) is not plausible since citizens have no freestanding right to have police investigate crimes.  *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (stating that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."); *Little v. Outlaw*, No. 24-4033, 2025 WL 581164, at *10 (E.D. Pa. Feb. 20, 2025) (collecting cases and stating "private citizens do not have a constitutionally protected right to investigation of criminal charges").  Accordingly, even if Farrell had named an MTPD officer that was personally involved in an investigation, any claim against that officer, Manhiem Township, or the MTPD would not be plausible.

15

To the extent the allegation that an MTPD officer conspired with ADA Adams on the charges arising from Manhiem Township to "weaponize the justice system" to retaliate against Farrell can be read to assert a First Amendment retaliation claim, the claim also may not proceed at this time since it is undeveloped.  Farrell, as noted, does not allege the personal involvement of any MTPD officer or a municipal policy of Manhiem Township and, notably, Adams is not listed on the state court docket as being involved in the prosecution.  The Court, will, however, provide Farrell with an opportunity to file an amended complaint if he seeks to pursue a *Monell* claim or a retaliation claim against an MTPD officer.[14]

### D.    *Habeas* Claims

As Farrell was instructed, claims seeking *habeas corpus* relief may not be brought in a § 1983 action.  *Farrell*, 2025 WL 2056872, at *4 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action.)).  His renewed claim for release from custody and dismissal of all state charges will again be dismissed without prejudice so that he may file a proper federal

---

[14] The Court notes, however, that the state criminal case arising from Manhiem Township is ongoing and, even if the retaliation claim is amended to be plausible, it claim may not be able to proceed at this time.  In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*).  When determining whether *Younger* abstention is proper, the Court first must examine the underlying state court proceeding to determine whether it falls into one of three categories of cases:  (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013); *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020).  If the first step is satisfied, the specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

*habeas corpus* petition after he has fully exhausted all state court remedies for his conviction.[15]

*See* 28 U.S.C. § 2254(b)(1).

## IV.    CONCLUSION

For the reasons stated, Farrell's Complaint will be dismissed.  The illegal search claim against McCommick, the claims for mandamus and injunctive relief, and all claims against the MTPD and the judicial and prosecutor defendants will be dismissed with prejudice.  The malicious prosecution claims and any claim for *habeas corpus* relief will be dismissed without prejudice, but with no leave to amend in this case.  Farrell's retaliation claim involving his arrest in Manhiem Township will be dismissed without prejudice and with leave to amend if Farrell can name an officer who was personally involved in a violation of his constitutional rights or identify a Manhiem Township policy that caused a violation of his rights.  An appropriate Order will be entered.

BY THE COURT:

/s/ Gerald Austin McHugh

**GERALD A. MCHUGH, J.**

---

[15] Farrell also mentions mandamus relief.  (Compl. at 37.)  28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Federal courts may also "issue all writs necessary or appropriate in aid of their respective jurisdictions."  28 U.S.C. § 1651.  Neither provision applies here since Farrell does not seek to compel action by a federal official and there is no need to issue a writ to protect the Court's jurisdiction.